UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~

In re
**KEVIN SPRING**,                                          Chapter 7
    Debtor                                              Case No. 14-12205-JNF

~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

    Whereas, the Debtor filed a voluntary Chapter 7 petition on May 12, 2014; and

    Whereas, at the time he filed his petition, the Debtor was not represented by counsel; and

    Whereas, on May 12, 2014, the Court issued an Order to Update, requiring the Debtor to file a matrix by May 19, 2014 and Schedules A-J, a Statement of Financial Affairs, a Summary of Schedules, a Statistical Summary of Certain Liabilities, the Means Test (Official Form B 22A), and a Verified Statement pursuant to Fed. R. Bankr. P. 1008 , by May 27, 2014; and

    Whereas, the Court also ordered the Debtor to file, by May 27, 2014, a Certification of Credit Counseling and, by June 11, 2014 a Statement of Intention; and

    Whereas, on May 5, 2014, the Debtor filed a handwritten "Emergency Motion to Request a rollup [sic] or revisions of all dates of compliance by 10 business days;" and

    Whereas, on May 16, 2014, the Court allowed the Debtor's Motion in part, granting

1

him an extension of time to file the matrix to May 21, 2014 and to file the remaining documents to June 2, 2014; and

Whereas, the Debtor filed a matrix on May 21, 2014; and

Whereas, on May 27, 2014, the Debtor filed a Certificate of Counseling indicating that he had received a post-filing credit counseling briefing on May 24, 2014; and

Whereas on the same day, the Court issued an Order to Show Cause to the Debtor requiring him to show cause by June 3, 2014 why his case should not be dismissed for failure to comply with 11 U.S.C. § 109(h); and

Whereas, on May 28, 2014, the Debtor filed a handwritten "Emergency Motion under new circumstances," seeking an extension of time to June 25, 2014 to file documents, citing the loss of documents due to frozen pipes and the need to obtain counsel; and

Whereas, the Court denied the motion without prejudice; and

Whereas, the Debtor failed to respond to the Court's May 27, 2014 Order to Show Cause and the Court, on June 4, 2014, scheduled a hearing on the Order to Show Cause; and

Whereas, the Debtor failed to appear at the June 11, 2014 hearing; and

Whereas, the Court ordered the Chapter 7 Trustee to file a status report within 14 days; and

Whereas, the meeting of creditors was continued from the originally scheduled date of June 19, 2014 to July 15, 2014; and

Whereas, the Chapter 7 Trustee filed a Status Report in which he reported that the

Debtor filed bankruptcy on the eve of trial in a civil action commenced by his sister, Patrice Comstock ("Ms. Comstock"), individually and as executrix of the estate of Mary J. Spring, and the estate of Mary J. Spring, in the Suffolk Superior Court, Department of the Massachusetts Trial Court; and

Whereas, in the state court action, Ms. Comstock, in her complaint against the Debtor, asserted twenty-two counts against the Debtor, including counts for fraudulent misrepresentation, breach of contract of express and implied contract, quantum meruit, conversion, breach of fiduciary duty, sought the imposition of a constructive trust on Debtor's real estate located at 11A Melrose Street, Boston, Massachusetts (the "Melrose Street Property"), and demanded a jury trial; and

Whereas, attorneys for Ms. Comstock are the only attorneys, with the exception of an attorney for the Debtor, who have filed notices of appearance in the case; and

Whereas, on July 24, 2014, the Debtor filed a Motion for Status Conference, stating, *inter alia*, that he "did not have a clue about bankruptcy" and asking the Court to dismiss his case because he had "a plan to pay or settle my debts;" and

Whereas, at the time of his request, the Debtor had not complied with the Court's Order to Update; and

Whereas, on July 28, 2014, the Chapter 7 Trustee filed a Motion to Compel Debtor to File Schedules and Statement of Financial Affairs; and

Whereas, on August 5, 2014, the Debtor, through counsel, filed "Debtor's Motion to Dismiss the Chapter 7 Case Because Debtor Failed to Receive An Individual Briefing from

3

An Approved Credit Counseling Agency that Outlined the Opportunities for Credit Counseling Available and the Debtor Did Not Receive a Related Budget Analysis in the 180 days Prior to the Petition as Required by 11 U.S.C. § 109(h)(1)" in which he represented that he was not incapacitated, disabled or on active military service; and

Whereas, on August 5, 2014, the Chapter 7 Trustee filed an Objection to the Debtor's Motion, noting that the Debtor had not filed Schedules and that he could not make a determination if dismissal is in the best interest of creditors; and

Whereas, on August 7, 2014, the Court conducted a status conference and heard the Debtor's Motion to Dismiss; and

Whereas, at the hearing, both Ms. Comstock and her counsel indicated that she did not oppose the Debtor's Motion to Dismiss as she wishes to pursue her state court action;

Whereas, the Court ordered the Debtor to file all outstanding documents by August 14, 2014 and ordered an attorney for Ms. Comstock to obtain a title rundown with respect to the Melrose Street Property, and took his Motion to Dismiss under advisement; and

Whereas, on the Court subsequently allowed the Chapter 7 Trustee's Motion to Compel; and

Whereas, on August 14, 2014, over six weeks after he was ordered to file missing documents, the Debtor filed, *inter alia*, his Schedules and Statement of Financial Affairs; and

Whereas, on Schedule A-Real Property, the Debtor disclosed an interest in the Melrose Street Property, which he valued at $845,000, subject to secured claims of

4

Case 14-12205    Doc 84    Filed 09/04/14    Entered 09/05/14 08:29:51    Desc Main
Document      Page 5 of 12

$296,237.02, as well as an interest in property located at 138 North Shore Drive, Owls Head, Maine which he allegedly holds in a self-settled trust identified as Oceanside Twelve Thirty Trust, valued at $144,000, subject to secured claims of $34,389.64; and

Whereas, on Schedule D-Creditors Holding Secured Claims, the Debtor listed a mortgage and real estate taxes encumbering the Maine property in the total sum of $34,389.64 and property tax and a lis pendens with respect to the Melrose Street Property; and

Whereas, on Schedule F-Creditors Holding Unsecured Nonpriority Claims, the Debtor listed approximately $130,000 in unsecured debt; and

Whereas, on August 14, 2014, the Debtor also filed "Debtor's Motion to Extend the Time Requirement to Complete a Credit Counseling Course and File the Certificate of Credit Counseling Required by 11 U.S.C. § 109(h)(3) for 30 days after the Filing of the Bankruptcy Petition by the Debtor;" and

Whereas, the Debtor did not represent in his August 14, 2014 Motion that he had requested a credit counseling briefing during the seven days beginning on the date on which he made the request or exigent circumstances, *see* 11 U.S.C. § 109(h)(3)(A); and

Whereas, on August 14, 2014, Ms. Comstock filed a "Statement Pursuant to Order Dated August 7, 2014" with respect to the Melrose Street Property which revealed the following:

| Document Date | Recordation Date | Event |
|---|---|---|

| | | |
|---|---|---|
| 6/27/1974 | Unclear | Deed from Kathleen Ingalls to Kevin Spring and Diane Spring, husband and wife, as tenants by the entirety. |
| 6/23/1976 | 6/23/1976 | Deed from Kevin Spring (Kevin E. Spring) and Diane Spring (Diane L. Spring), husband and wife, as tenants by the entirety, to Kevin E. Spring. |
| 7/24/1984 | 7/27/1984 | Declaration of 12/30 Trust, Patrice A. Spring as sole beneficiary, Eileen Lanci as sole trustee. |
| 7/19/1984 | 7/27/1984 | Deed from Kevin F. Spring to Eileen Lanci as Trustee of 12/30 Trust |
| 6/19/1986 | 6/19/1986 | Removal of Eileen Lanci and Appointment of Kevin Spring as Trustee of 12/30 Trust by Patrice Spring as sole beneficiary. |
| 2/25/1998 | 3/4/1998 | Affidavit of Trustee Kevin E. Spring (aka Kevin Spring) alleging he has been directed by Patrice Spring as sole beneficiary to transfer the property to Kevin E. Spring for $1. |
| 2/27/1998 | 3/4/1998 | Deed by Kevin E. Spring as Trustee of 12/30 Trust to Kevin E. Spring, individually. |
| 2/27/1998 | 3/4/1998 | Mortgage to Advanced Financial Services, Inc. from Kevin E. Spring as Mortgagor |
| 12/10/1997 | 3/4/1998 | Assignment of Mortgage and Indebtedness from Advanced Financial Services to GreenPoint Mortgage Corp. |
| 1/--/2000 | 1/31/2000 | Deed from Kevin E. Spring to Kevin E. Spring and John J. O'Brien, as Trustees of Kerryco Realty Trust. |
| 1/10/1999 | 1/31/2000 | Declaration of Trust of Kerryco Realty Trust 11/14/2000 1/3/2001 Instrument of Taking – City of Boston for $1,207.04 in taxes, $14.00 in incidental expenses and $91.10 in interest, issued to Spring, Kevin E. [sic] |
| 6/29/2010 | 7/12/2010 | Discharge of Mortgage – Greenpoint Mortgage Funding, successor to holder of mortgage dated 12/21/1999, book 24532, page 155 |
| 12/10/2010 | 1/18/2011 | Instrument of Taking – City of Boston for $2,444.67 in taxes, $17.00 in incidental expenses and $210.94 in interest, issued to Spring, Kevin E. |
| 11/14/2000 | 1/3/2001 | Instrument of Taking – City of Boston for $1,207.04 in taxes, $14.00 in incidental expenses |

6

| | | |
|---|---|---|
| | | and $91.10 in interest, issued to Spring, Kevin. |
| 2/16/2011 | 2/16/2011 | Lis Pendens – Civil Action Number 11-0578-E, Patrice Comstock v. Kevin Spring, Individually and as Trustee of the Kerryco Realty Trust |
| 4/7/2011 | 4/20/2011 | Writ of Attachment for $250,000 – Civil Action Number 11-0578-E, Patrice Comstock v. Kevin Spring, Individually and as Trustee of the Kerryco Realty Trust; |

and

Whereas, since the filing of the Debtor's Schedules of Assets and Liabilities and Statement of Affairs, the Trustee has not filed a supplemental response to the Debtor's Motion to Dismiss, and a docket entry entered on August 22, 2014 reflects that the Trustee has concluded the § 341 meeting of creditors;

Whereas, pursuant to 11 U.S.C. § 521(i), this Court arguably was obligated to dismiss the Debtor's Chapter 7 case on or after June 26, 2014 because the Debtor had failed to file the documents required by 11 U.S.C. § 521(a);[1] and

---

[1] Whereas, 11 U.S.C. § 521(i) provides:

(i)(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

(2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request.

(3) Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph

Whereas, the Debtor also failed to comply with the requirements of 11 U.S.C. § 109(h)(3), which provides:

> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
>
> > (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> >
> > (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
> >
> > (iii) is satisfactory to the court.
>
> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days;

and

---

> (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.
>
> (4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

11 U.S.C. § 521(i).

Whereas, specifically, the Debtor did not describe exigent circumstances or state that he had requested credit counseling services during the 7-day period beginning on the date the debtor made the request; and

Whereas, the Debtor's Schedules of Assets reveal that the Debtor has equity in real property in Maine as well as the Melrose Street Property and that he has sufficient assets that, if liquidated, could provide a dividend to unsecured creditors; and

Whereas, in <u>Miranda v. Acosta-Rivera (In re Acosta-Rivera)</u>, 557 F.3d 8 (1st Cir. 2009), the United States Court of Appeals for the First Circuit interpreted § 521(i), held that automatic dismissal was not required in all circumstances. It stated:

> We find that mechanical reading unwise. While it may be textually plausible, it fails to harmonize the letter and purpose of the statute. There is another, equally plausible reading-a reading that avoids this vice.
>
> The approach that we endorse recognizes that missing information may or may not be required, in a practical sense, depending upon what is deemed material by the court many months (or even years) after the bankruptcy petition has been filed. This would seem to be a likely reason for Congress to have entrusted the bankruptcy court with discretion to modify disclosure requirements on the fly. Where, as here, a previously hidden asset has more than enough value to cover the entire universe of creditors' claims, dollar for dollar, dispensing with the disclosure of statements reflecting payment advices and/or monthly net income is both pragmatic and reasonable. Common sense suggests that Congress never intended to strip the bankruptcy court of the flexibility needed to respond intelligently to the emergence of such a circumstance after the forty-five-day filing deadline has expired.
>
> This intuition is reinforced by our certain knowledge that this degree of flexibility existed in the Bankruptcy Code prior to BAPCPA's passage. As we have said, BAPCPA did not expressly curtail this aspect of the bankruptcy court's authority and, given the practical realities, we are reluctant to step in where Congress has elected not to tread. Automatic dismissal may be a new

> twist, but the importance of the judiciary's ability to assess needs and respond to exigencies free of artificial constraints has not changed. In our view, Congress must have recognized that bankruptcy courts would still need a meaningful opportunity to gauge whether missing information is "required" in a particular case. We conclude, therefore, that when the missing information has become irrelevant or extraneous and the court, in lieu of dismissal on that account, "order[s] otherwise," section 521(i) does not compel dismissal of the case.
>
> On the same reasoning, we also reject the assertion that the exceptions to automatic dismissal contained in section 521(i), *see supra* note 2, were meant to supplant the bankruptcy court's discretion to order otherwise more than forty-five days after the filing date. Those exceptions apply when the court does not choose to waive the disclosure requirement either ex ante or ex post; they do not apply when the court does so elect. So understood, the exceptions operate within their own statutory ambit and do not cabin the bankruptcy court's discretion in other areas.
>
> Let us be perfectly clear. We do not decide today whether bankruptcy courts possess unfettered discretion to waive the disclosure requirements ex post. Where, however, there is no continuing need for the information or a waiver is needed to prevent automatic dismissal from furthering a debtor's abusive conduct, the court has discretion to take such an action. This case is of that genre.

577 F.3d at 13-14 (footnotes omitted); and

Whereas, in In re Adamson, 312 B.R. 16 (Bankr. D. Mass. 2004), this Court determined that a Chapter 13 debtor could not sell property under 11 U.S.C. § 363(f) free and clear of a lis pendens because the lis pendens was a notice, not an interest in property, and created a cloud on title, *see* 312 B.R. at 19-20; *see also* In re Mundy Ranch, Inc., 484 B.R. 416, 424-25 (Bankr. D. N.M. 2012); and

Whereas, in order for a Chapter 7 debtor to obtain dismissal of his or her case, the debtor must make a showing of cause and demonstrate why a dismissal is justified, *see* In

re Watkins, 229 B.R. 907, 908 (Bankr. N.D. Ill. 1999); and

Whereas, "in the context of a motion to dismiss a Chapter 7 case, the interest of the creditors is paramount, and the debtor's motion to dismiss should be denied if there would be any prejudice to creditors as a result of dismissal," *id.* (citing In re Haney, 241 B.R. 430, 432 (Bankr. E.D. Ark.1999)); and

Whereas, in In re Yocum, 488 B.R. 748 (Bankr. N.D. Ala. 2013), the court set forth the following factors courts consider in evaluating debtors' motions to dismiss:

> (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

488 B.R. at 751 (citations omitted); and

Whereas, the Court finds that no creditor has filed an opposition to the Debtor's Motion to Dismiss after notice of the Motion and hearing on the Motion was served on all of the Debtor's creditors; and

Whereas, there are no objections to discharge, claims of exemption or other pending proceedings filed by the Trustee or any other interested party; and

Whereas, the only creditor who appeared at the hearing, the Debtor's sister, Ms. Comstock, supports dismissal of the Debtor's Chapter 7 case; and,

Whereas, the Court concludes that the Debtor's inability to timely file Schedules of Assets and Liabilities and other documents was due in large part to his pro se status which

11

persisted until August 5, 2014 when counsel filed a Notice of Appearance on his behalf; and

Whereas, the lis pendens obtained by Ms. Comstock on the Melrose Street Property will likely prevent any sale of the Debtor's Melrose Street Property which the Trustee may contemplate and this Court does not have the authority to remove the lis pendens;

Whereas, Ms. Comstock has also obtained a prejudgment attachment on the Melrose Street Property, and thus her claim for imposition of a constructive trust must be determined before any sale of the Melrose Street Property can be accomplished;

Whereas, the state court is the only forum that can affect the lis pendens and thus the state court is a more desirable forum for resolution of the issues between the Debtor and Ms. Comstock;

Whereas, the Court, weighing the factors set forth in Yocum and the circumstances present in this case, concludes that the Debtor established cause for dismissal,

Now, therefore, the Court, based upon the entire record of proceedings, shall enter an order granting the Debtor's Motion to Dismiss.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: September 4, 2014